The Honorable Bud Canada State Senator P.O. Box 2110 Hot Springs, AR 71914
Dear Senator Canada:
This is in response to your request for an opinion concerning the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §25-19-101 et seq. You have asked, specifically, "whether the following comes under the (FOIA) concerning U.A.M.S.:"
 1. The hospital's charges for medical supplies, pharmaceuticals and laboratory services;
 2. The charges for the 300 comprehensive in-patient DRG-type procedures most frequently performed by the hospital;
 3. A list of the insurance companies, "HMOs" or "PPOs" or third-party payers with whom the hospital contracts.
Because the University of Arkansas for Medical Sciences ("UAMS") is a governmental agency, records maintained in its offices or by its public employees within the scope of their employment are presumed to be "public records" under the FOIA. A.C.A. § 25-19-103(1) (Repl. 1992). And except as otherwise specifically provided by law, all public records are open to inspection and copying by any Arkansas citizen during regular business hours of the records' custodian. A.C.A. § 25-19-105(a) (Supp. 1995).
Thus, to the extent there are records in existence which contain the particular information set forth in your question,[1] it may be concluded as a general matter that such records constitute "public records" under the FOIA. As noted, such records are open to the public unless a specific exemption, either in the FOIA or in another law, would apply to prevent their disclosure.
Any question involving the application of particular exemptions must be addressed on a case-by-case basis with reference to all of the relevant facts and circumstances. While it is possible, for instance, that the so-called "competitive advantage" exemption might apply in connection with some of this information (see generally A.C.A. §25-19-105(9)(A)),[2] I lack sufficient information to address this matter. Such issues are, in any event, highly factual in nature and must ultimately be addressed by the records' custodian.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The FOIA covers existing records only and does not require an agency to compile or collect information. J. Watkins, The ArkansasFreedom of Information Act 72 (2nd ed. 1994), and Attorney General Opinions cited therein.
[2] It has been suggested that "[i]n some circumstances, government entities, as well as private organizations subject to the FOIA, could well be placed at a competitive disadvantage if records that they have generated are made public." The Arkansas Freedom of Information Act,supra n. 1, at 121.